UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES A.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C19-5879-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding him not disabled. Plaintiff contends the ALJ erroneously failed to explain why Crohn's disease does not meet or equal Listing 5.06, and misevaluated the medical evidence, his testimony and the lay witness testimony. Dkt. 10. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

Plaintiff argues the ALJ erred at step three by failing to explain why Crohn's disease, a condition found to be a severe impairment, does not meet or equal the requirements of listing 5.06(B). Under listing 5.06(B), plaintiff is presumed disabled if the evidence shows a diagnosis of Crohn's disease, (an Inflammatory Bowel Disease (IBD)), and two of the following, despite continuing treatment as prescribed and occurring within the same consecutive 6–month period:

(1) Anemia with hemoglobin of less than 10.0g/dL, present on at least two evaluations at least 60 days apart; or

(2) Serum albumin of 3.0 g/dL or less, present on at least two evaluations at least 60 days apart; or

(3) Clinically documented tender abdominal mass palpable on physical examination with abdominal pain or cramping that is not completely controlled by prescribed narcotic medication, present on at least two evaluations at least 60 days apart; or

(4) Perineal disease with a draining abscess or fistula, with pain that is not completely controlled with prescribed narcotic medication, present on at least two evaluations at least 60 days apart; or

(5) Involuntary weight loss of at least 10 percent from baseline, as computed in pounds, kilograms, or BMI, present on at least two evaluations at least 60 days apart; or

(6) Need for supplemental daily enteral nutrition via a gastrostomy or daily parenteral nutrition via a central venous catheter.

20 C.F.R., Pt. 404, Subpt. P, App'x 1, § 5.06.

The ALJ's step three discussion is brief. He found "no listing is met" because there are no medical tests, evaluations or opinions establishing a listing level impairment. Tr. 19. The ALJ need not state why a claimant fails to satisfy every different section of the listing of impairments. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990). But this rule does not relieve the ALJ from making reviewable findings. The ALJ must still determine whether the claimant's impairment or combination of impairment is of a severity to meet or medically equal the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1.

The ALJ's determination must be based upon sufficient findings upon which a "reviewing court may know the basis for the decision." *Gonzalez,* 914 F.2d at 1200. For instance, in *Gonzalez* the Court found the ALJ's five page summary of the medical record and the ALJ's

findings regarding the claimant's complaints were sufficient in that they provided an "adequate statement of the 'foundations on which the ultimate factual conclusions are based.'" *Id*.

Here, the ALJ did not make specific findings regarding the six factors underlying listing 5.06(B). The Commissioner does not argue the ALJ made sufficient step three findings but contends the Court should reject plaintiff's claim because he has not proven he meets the listing. Dkt. 13 at 2. The Court rejects the notion the plaintiff must prove he meets the listing in order to establish the ALJ harmfully erred at step three. The ALJ has a duty to make reviewable findings. He did not and accordingly erred. The error is harmful because the record does not show plaintiff clearly fails to meet the criteria of lisitng 5.06(B).

Instead, plaintiff's medical records show signs of anemia, Tr. 447, but the ALJ's decision does not discuss whether plaintiff has anemia with hemoglobin of less than 10.0g/dL, which is listing factor one. The Court will not assess the medical record in the first instance on appeal to flesh out how severe plaintiff's anemia is. The assessment of the medical record is the ALJ's responsibility and on the issue of anemia and hemoglobin counts, the ALJ failed to fulfill his responsibility.

Plaintiff's medical records also indicate he has a fistula, Tr. 449, and pain despite narcotic medications. Tr. 386. The ALJ did not discuss factor four "Perineal disease with a draining abscess or fistula, with pain that is not completely controlled with prescribed narcotic medication." The Court notes the ALJ discounted plaintiff's pain complaints because one record showed his pain had not worsened. Tr. 22. But the record relied upon does not contradict plaintiff's pain complaints. Rather it indicates while plaintiff's pain was not worsening it was still severe enough that he was prescribed Oxycodone, 120 mgs a day. Tr. 386. Moreover, the Commissioner concedes plaintif arguably meets factor four. Dkt. 13 at 2.

Plaintiff's medical records also indicate significant weight loss. Plaintiff testified before his Crohn's disease he weighed 185 pounds. Tr. 36. Plaintiff's medical recoreds showed on January 9, 2017 he weighed 153 pounds and on April 13, 2017 he weighed 150 pounds. Tr. 369, 381. However, the ALJ did not discuss factor four, "involuntary weight loss of at least 10 percent from baseline, as computed in pounds." The Commissioner claims there is no objective evidence to support this factor. Dkt. 13 at 3. However, plaintiff was weighed at his medical appointments and found to weigh between 150 and 157 pounds for many months; his weight was thus objectively established by his medical providers.

Plaintiff and his wife also testified he had lost significant weight. Plaintiff stated he weight 185 pounds before his Crohn's disease. There is no evidence contradicting this testimony and the ALJ made no effort to address plaintiff's base weight in comparison to the weights assessed during various medical examinations during the relevant period. In short is there is evidence in the record to reasonably conclude plaintiff lost more than 10% from his baseline weight as required by the listing. Again the Court declines to make this determination in the first instance on appeal. This is a determination reserved to the Commissioner and which must be assessed on remand.

In sum the ALJ failed to provide an adequate statement of the foundations upon which the ultimate factual conclusions regarding Listing 5.06 are based as required by *Gonzalez. See also Santiago v. Barnhart*, No. 278 F.Supp.2d 1049, 1058 (N.D. Cal. 2003) (Rejecting Commissioner's reliance on *Gonzalez v. Sullivan*, and finding "the Court simply cannot determine from the ALJ's opinion how he came to the conclusion that Santiago's "severe" impairments did not equal sections 1.03 and 1.13.").

The Court also notes this is not a case in which the record clearly shows plaintiff fails to meet the requirements of listing 5.06(B), and that the ALJ's error is harmless. Rather the record contains sufficient information going to at least two of the factors listed in 5.06(B); if the ALJ found those factors, plaintiff would be deemed disabled. The Court as noted above, of course, cannot engage in independent fact finding regarding the medical record as that is a responsibility reserved to the Commissioner. Consistent with *Santiago* and *Gonzalez*, the Court finds the ALJ harmfully erred by failing to discuss why Crohn's disease does not meet listing 5.06(B) at step three, or at any subsequent step of the sequential disability evaluation process.

Plaintiff also argues the ALJ misevaluated the medical evidence, his testimony and the lay testimony. However, the ALJ's step three assessment on remand will require him to make findings that necessarily affect his assessment of the other evidence. The Court accordingly directs the medical evidence, plaintiff's testimony, and the lay testimony be reassessed on remand.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

On remand, the ALJ shall reassess Crohn's disease at step three and make sufficient findings; reassess the medical evidence, plaintiff's testimiony and lay testimony in light of the new step three evaluation; develop the record and redetermine plaintiff's residual functional capacity as needed and proceed to the remaining steps as appropriate.

DATED this 27th day of March, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge